*1066 OPINION.
McMahon:
This proceeding raises two issues, which will be considered in the order in which they have been previously stated.
The petitioner during the years under consideration made certain religious and charitable contributions which the respondent has refused to allow as deductions from income. For the year 1922 only $500 now remains in controversy. This amount represents the petitioner’s contribution towards the purchase of a carpet for St. Johns Episcopal Church in St. Louis, Mo. In the year 1923 she contributed $1,200 to the general funds of St. Johns Episcopal Church and also $600 to the redecorating of the rectory of this church, which she occupied as wife of the rector until August; $300 to Brittain Hall, a boys’ orphanage connected with the church; $200 to St. Lukes Chapel in Paris, with which her husband was associated, and $100 to the American Relief Society, an organization which aided stranded Americans in Paris. In 1924 and 1925 her combined contributions to St. Johns Episcopal Church in St. Louis and St. Lukes Chapel in Paris amounted to $3,200 and $3,000, respectively.
Section 214 (a) of the Revenue Act of 1921 provides, in part:
Sec. 214. (a) That in computing net income there shall be allowed as deductions:
* * * * * * *
(11) Contributions or gifts made within the taxable year to or for the use of: (A) The United States, any State, Territory,-or any political subdivision thereof, or the District of Columbia, for exclusively public purposes; (B) any corporation, or community chest funds, or foundation, organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, including posts of the American Legion or the women’s auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual ; or (C) the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act; to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer’s net income as computed without the benefit of this paragraph. * * *
Section 214 (a) (10) of the Revenue Act of 1924 contains similar provisions.
The petitioner’s evidence convinces us that the above payments were made, and we are further of the opinion that such contributions are deductible under the above cited statutes. The above stated *1067 amounts will be allowed as deductions subject to the 15 per cent limitation contained in the statutes.
During the months of May in 1923 and 1924, the petitioner, by letter, advised the State National Bank of St. Louis, Mo., to sell certain of her securities which were held by the bank, and acquired for her use United States Treasury Certificates, and in the month of June to dispose of the United States Treasury Certificates and reacquire the former securities. This issue was submitted on a stipulation of facts. The stipulation is silent as to the petitioner’s reason for buying and selling the United States Treasury Certificates at these particular times, except that she then desired to have them subject to her use. The respondent, at the hearing, asked that the Board take judicial notice of section 12756 of the Revised Statutes of Missouri (1919, Yol. Ill, p. 3976), which reads as follows:
Property held June 1st Liable fob Taxes — Every pyrson owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing y*ar. (R. S. 1909, par. 11338.)
Irrespective of the motive which prompted the request that the bank sell the securities then owned by the petitioner and procure for her United States Treasury Certificates, we are of the opinion that in May of 1923 and 1924, the petitioner completely divested herself of ownership in the securities then held by the bank for her and immediately thereafter became the owner of the United States Treasury Certificates which, in turn, were held for her use by the bank. We are not in accord with the petitioner’s theory that the transaction was an “ accommodation ” matter, since the securities were put into the assets of the bank and the United States Treasury Certificates delivered to an officer of the bank for the use of the petitioner. The petitioner unqualifiedly authorized the bank to sell her securities and purchase United States Treasury Certificates. This the bank did and it does.not matter that the bank did not sell and buy in the open market. Petitioner parted with the ownership of her securities prior to June 1 of each of the years 1923 and 1924, and with the proceeds from the sales thereof acquired the ownership of United States Treasury Certificates. The bank notified the petitioner that the transactions had been consummated and it does not appear that she repudiated or questioned any of the acts or conduct of the bank. According!;/, the transactions should be treated as sales and the profits computed on the values stipulated.

Judgment will be entered under Rule 50.